UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIO E. VILLABONA-ALVARADO, )
)
Plaintiff, )
)
v. ) Civil Case No. 11-2071 (RJL)
)
FEDERAL BUREAU OF PRISONS, )
)
Defendant. )

MEMORANDUM OPINION
February 15, 2013 [# 6]

**FILED**
FEB 1 9 2013
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

Plaintiff Mario E. Villabona-Alvarado filed this lawsuit *pro se* against the Federal Bureau of Prisons ("BOP" or "defendant") on November 18, 2011, alleging violations of the Privacy Act as codified at 5 U.S.C. § 552a(e)(5). Compl. [Dkt. # 1]. Defendant moved to dismiss this case or, in the alternative, to transfer the case to the Northern District of Alabama. Mot. to Dismiss, June 13, 2012 [Dkt. # 6]. For the reasons stated below, the Court GRANTS defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff alleged that, while he was incarcerated, confidential jailhouse informants accused plaintiff of participating in an escape plot. Compl. [Dkt. # 1] ¶ 1. Following an investigation by the Federal Bureau of Investigation and BOP, the investigators determined that they lacked sufficient evidence to charge plaintiff for the alleged escape. *Id.* ¶ 2. Nevertheless, plaintiff was placed in a super maximum security prison for over

1

nine years. *Id.* ¶ 3. Plaintiff alleges that, only when he "discovered" documents from his BOP records in "late 2009" did he learn that he was assigned to maximum custody "due to his involvement in [the] escape plot." *Id.* ¶¶ 4-5. Not so.

During his incarceration, plaintiff has become a serial litigator, attempting to seek relief in multiple venues. He began by filing three independent federal lawsuits in September 2007: one in the Southern District of Illinois, *Villabona-Alvarado v. United States, et al.*, Civ. Action No. 07-641 (S.D. Ill. filed Sept. 10, 2007) ("Illinois case"), one in the District of Kansas, *Villabona-Alvarado v. United States, et al.*, Civ. Action No. 07-3235 (D. Kan. filed Sept. 11, 2007) ("Kansas case"), and one in the District of Colorado, Compl., *Villabona-Alvarado v. United States, et al.*, Civ. Action No. 07-1972 (D. Colo. Sept. 19, 2007) ("Colorado case"). These three cases possessed strikingly similar complaints, all based upon the same set of facts as in this case. In each, plaintiff alleged violations of the Privacy Act. *See* Compl., Kansas case, at 1; Compl., Illinois case, at 1; Compl., Colorado case at 1.

The Colorado case was dismissed due to plaintiff's procedural defect. *See* Oct 29, 2007 Order, Colorado case. In the Kansas case, the court considered and dismissed, *inter alia*, plaintiff's Privacy Act claims "[b]ecause BOP regulations exempt the Inmate Central Records System from the accuracy, damages and amendment provisions of the Privacy Act." Sept. 22, 2008 Mem. Op., Kansas case, at 5-7 (dismissal for failure to state a claim upon which relief can be granted). And in the Illinois case, plaintiff's case

was dismissed as frivolous, and the court awarded him one of his three "strikes" under 28 U.S.C. § 1915(g). Oct. 16, 2008 Mem. and Order, Illinois case. More importantly, the documents plaintiff allegedly "discovered" in late 2009, Compl. ¶ 4, were attached as exhibits to plaintiff's complaints in each of the *2007* cases. *See* Ex. D to Compl., Colorado case; Ex. D to Compl., Kansas case; Ex. D to Compl., Illinois case.

Most recently, plaintiff filed a Petition for Writ of Mandamus under 28 U.S.C. § 1361 and for Relief under the Administrative Procedures Act, 5 U.S.C. § 706(1), in the United States District Court for the Northern District of Alabama, in which he asked to have BOP expunge any mention of the escape plot from plaintiff's files. Compl., *Villabona-Alvarado v. Fed. Bureau of Prisons*, No. 10-cv-1853 (N.D. Ala. July 12, 2010), at 1. After a magistrate judge recommended denial of plaintiff's petition, the court adopted the recommendation and held that "petitioner is not entitled to *mandamus* relief because he cannot show a clear right to have his prison records expunged of references to the escape plot, nor is the BOP under a clear duty to do so." *See* Memorandum Opinion, *Villabona-Alvarado v. Fed. Bureau of Prisons*, No. 10-cv-1853 (N.D. Ala. Sept. 18, 2012), at 4.

## STANDARD OF REVIEW

Defendant moves to dismiss the amended complaint pursuant to, *inter alia*, Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that it fails to state a claim upon which relief can be granted. Motion to Dismiss ("Def.'s Mot.") [Dkt. # 3] at

1. In evaluating defendant's motion to dismiss, the Court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citation omitted). While courts are to construe *pro se* complaints liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted), *pro se* complaints still must "give the defendant fair notice of what the . . . claim is and the grounds upon which is rests," *id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, unless a prisoner is under imminent danger of serious physical injury, he may not bring a civil action in federal court *in forma pauperis* if he has already brought three or more civil actions that have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

## ANALYSIS

Plaintiff's complaint suffers from at least two fatal flaws. First, the doctrine of *res judicata* prevents plaintiff from relitigating the same Privacy Act claims brought and decided on the merits in at least one previous action. "'Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Capitol Hill Grp. V. Pillsbury, Winthrop, Shaw, Pittman, LLC,*

569 F.3d 485, 490 (D.C. Cir. 2009) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). "[A] plaintiff [must] present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Industries, Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (internal quotation marks and citation omitted). In the Kansas case, the court dismissed plaintiff's identical Privacy Act and related constitutional claims against the same defendant based upon the same set of facts. Sept. 22, 2008 Mem. Op., Kansas case, at 7. As such, plaintiff is clearly not permitted to bring the same exact suit before another federal court.

Second, even if plaintiff's case was not barred by *res judicata*, he would not be able to maintain his Privacy Act claim. As the court held in the Kansas case, the BOP record system that plaintiff's Privacy Act claim targets has been exempted from the Privacy Act's accuracy, damages, and amendment provisions. *Id.* at 6-7. Moreover, plaintiff's previous lawsuits demonstrate that plaintiff possessed the relevant documents as early as 2007—well before he claimed he possessed them in *sworn affidavits* in this case. *Compare* Villabona's Sworn Affidavit in Support of His Privacy Act Suit, Ex. A. to Compl., at 1 ("I never saw the Security Memorandums Attached hereto [until] mid to late November of 2009.") *with* Ex. D to Compl., Colorado case (same documents filed in 2007) *and* Ex. D to Compl., Kansas case (same documents filed in 2007) *and* Ex. D to Compl., Illinois case (same documents filed in 2007). As such, plaintiff did not file this lawsuit within the Privacy Act's two-year statute of limitations, and it must, therefore, be

dismissed. *See* 5 U.S.C. § 552a(g)(5) ("the action may be brought at any time within two years after discovery by the individual of the misrepresentation.").

On a final note, however, this decision constitutes yet another "strike" against the plaintiff pursuant to 28 U.S.C. § 1915(g). His penchant for filing frivolous/meritless cases is, to say the least, growing old. More unfortunately, his propensity for making factual misrepresentations in his pleadings is no longer acceptable. He is hereby warned that future such misrepresentations may be referred to law enforcement authorities for appropriate action. *See, e.g.*, 18 U.S.C. § 1002 (possession of false papers to defraud United States); *id.* §§ 1341, 1343 (mail and wire fraud); *id.* § 1621 (perjury).

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss. An Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD L. LEON
United States District Judge